[Civ. No. 8993.   Third Dist.   Apr. 12, 1957.]

Estate of IDA EVANIS, Deceased.  LAURA O. BROOKS, as Administratrix, etc., et al., Respondents, v. YACKIE EHRHARDT et al., Appellants.

William A. White for Appellants.

Mento, Buchler & Littlefield for Respondents.

PEEK, J.—The present controversy arises out of a decree of distribution wherein the court determined certain property to be the separate property of the decedent.  For the reasons hereinafter stated we hold that, under the circumstances, the decree should be sustained.

John C. and Ida Evanis were married in 1926.  At the time

of the marriage Ida owned a parcel of real property which is referred to by the parties as the Michigan Bar property. During the marriage John purchased in his name alone a parcel of property referred to by the parties as the Blue Ravine property. On August 3, 1936, Ida conveyed the Michigan Bar property to herself and John as joint tenants, and on the same day John conveyed the community property to himself and Ida as joint tenants. John died on January 4, 1946, intestate and without issue. Following his death Ida sold the Michigan Bar property, purchased another parcel of real property with a portion of the proceeds of that sale and retained the balance. Ida died intestate and without spouse or issue on June 13, 1953. By the decree of distribution, the funds and the real property derived from the proceeds of the sale of the Michigan Bar property were distributed to Ida's relatives. These are the only items involved in this contest.

The appellants, who are the surviving sisters and children of deceased sisters of John, contend that since the trial court found "that the exchange of joint tenancy deeds . . . constituted the consideration therefor," John thereby acquired a joint tenancy interest in the property; that the creation of the joint tenancy operated to change the origin of the title so that the property had its source or origin as the separate property of both spouses. Therefore, they say, such property was distributable in equal shares to them and to Ida's relatives under the provisions of section 229 of the Probate Code.

The respondents, the surviving brother and children of a predeceased brother and sister of Ida, contend that section 229 is inapplicable and therefore the property was distributable to them under the provisions of section 225 of the Probate Code on the ground that the property had its source as Ida's separate property.

No question is raised concerning the finding that the Michigan Bar property was the separate property of Ida or that the Blue Ravine parcel was community property. The sole source of conflict arises out of the finding of "consideration" for the "exchange of joint tenancy deeds." The fact that John took title thereto in his name alone is immaterial. His interest and that of Ida in that parcel were equal in every respect. Merely because they transmuted the character of their holding from community to joint tenancy by execution of the deeds of August 3, it does not follow that John thereby purchased an interest in the separate property of Ida. Actually there was no exchange of joint tenancy deeds. Necessarily,

then, a finding that the "exchange of joint tenancy deeds" constituted the consideration therefor, is wholly unsupported by the record, is not a true finding but rather an erroneous conclusion of law wholly contrary to the facts upon which it is purported to have been based. Under such facts and circumstances it would appear that the sole question herein presented comes squarely within the rule enunciated in *Estate of Abdale,* 28 Cal.2d 587, 592 [170 P.2d 918], that the phrase "was separate property" as used in section 229, must be ". . . interpreted as referring to the character of the property before it was placed in joint tenancy." Thus section 229 is inapplicable under the record before us and hence the decree of the trial court is proper.

The decree is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.